**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEVEN JOSEPH STAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22 CV 181 MTS |
| ) | |
| MISSOURI DEPT. OF CORR., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Steven Joseph Stafford, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without payment of the required filing fee. Doc. [3]. Because this action is duplicative of another case currently pending before this Court, the Court will dismiss this action, without prejudice. *See Stafford v. Basham*, No. 4:22-CV-178 SEP (E.D.Mo).

### **The Complaint**

On February 14, 2022, self-represented plaintiff Steven Joseph Stafford filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff, who is currently incarcerated at ERDCC, brings his claims against the following defendants: the Missouri Department of Corrections; Anne Precythe; Michelle Basham; Sergeant Carl Hart; Lieutenant Unknown Fenwick; Correctional Officer Unknown Spaulding; ERDCC Emergency Response Team; John Does 1-15; Nurse Jane Doe; and ERDCC Unknown Investigation Staff. Plaintiff names defendants in their individual and official capacities.

Plaintiff claims that he and a group of other inmates were "practicing their religion" on or about February 28, 2021, at ERDCC.[1] He states that to infringe upon his religious practices and break up the prayer service, defendant Basham unlawfully called out a distress signal on her radio stating that an officer needed assistance. She told defendant Hart to, "break that up." Plaintiff claims that he was told to submit to restraints or he would be maced, but no one in the prayer group moved or used "aggressive language or behavior" indicating that the use of force was necessary.

Plaintiff claims that he saw a guard cuff up fellow inmate Mark Holman, as well as another inmate named Vincent Hood. Nonetheless, plaintiff claims that he was then sprayed with mace by defendant Hart in the face, nose, mouth, and ears, while defendant Spaulding cuffed him. Plaintiff alleges he was then "separated from the others and outside the view of witnesses."

Plaintiff asserts that he was taken outside the House A-B entrance, and he then heard Sergeant Hart say, "put him down." He purportedly saw defendants Fenwick and Hart watch defendant Spaulding "slam [him] down on his face with [his] hands cuffed behind [his] back." Plaintiff claims that Spaulding then jumped on his back to suppress his lungs, while two unidentified guards held his legs, and another guard choked him. Plaintiff allegedly heard Mark Holtman say, "get off him... what are you doing to him?" However, he asserts that at this point, defendant Hart attempted to pepper spray him a third time, but the canister was empty. Plaintiff claims that he recognized defendant Fenwick say to defendant Hart that he should throw the empty canister away.

Plaintiff alleges that he was then marched barefoot across a field into 1 House and put into cell 117 in the A-Wing. He claims that unidentified guards came into the cell and "slammed his face again and punched him" while he was still handcuffed. Defendant Hart then told Correctional

---

[1] Plaintiff indicates that he is Muslim.

2

Officer Simon to cut off plaintiff's clothes, and after taking off the handcuffs and ankle cuffs, plaintiff claims that he was "left in the cell naked." However, at some point, he was given a pair of underwear to put on, but when he attempted to wear them, he discovered that they were laced with mace.

Plaintiff asserts that the cell lacked running water, had no mattress or blanket, and there was no light in the cell. He claims he was in this cell with no ability to wash off the mace or seek medical treatment for over sixteen and a half hours.

For relief, plaintiff monetary damages and injunctive relief in this action.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. The Court will grant plaintiff's motion to proceed *in forma pauperis* and dismiss this action as duplicative of plaintiff's previously filed duplicative pending litigation in *Stafford v. Basham*, No. 4:22-CV-178 SEP (E.D. Mo).

**A. Dismissal as Duplicative Litigation**

Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Section 1915(e)(2) also allows this Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief do not significantly differ between two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

On January 28, 2022, prior to filing the complaint in this case, plaintiff brought an action against several of the same defendants as those named in this action: Michelle Basham; Carl Hart;

3

Lieutenant Gary Fenwick; Cook Patricia Lamarche; Correctional Officer Benjamin Laxton; Correctional Officer Ronald Dunnigan; Correctional Officer Adam Simonton; Correctional Officer Charles Wadlow; Correctional Officer Unknown Jennings; Correctional Officer Unknown Stevens; Correctional Officer Unknown Spaulding; Jane Doe Attending Nurse from Corizon; Correctional Officer Unknown Price; Unknown Lubbers Food Service Worker; Grievance Officer Ashley Downs; and Correctional Officer Unknown Dennis. See *Stafford v. Basham*, No. 4:22-CV-178 SEP (E.D.Mo).

In his amended complaint in *Stafford v. Basham*, No. 4:22-CV-178 SEP (E.D. Mo) (hereinafter referred to as *Stafford I*), plaintiff asserts the same excessive force claims as those in this action, relating to the night of February 28, 2021. Similarly, plaintiff claims a denial of his religious rights by defendants, in violation of the 1st Amendment and the Religious Land Use and Institutionalized Persons Act. Plaintiff additionally alleges retaliation for further exercise of his religious rights after the February 28, 2021, incident, as well as retaliation in violation of his exercise of the grievance process. Plaintiff seeks both monetary and injunctive relief, just as he does in this action.

Because the allegations raised here have been brought in another case pending before the Court, this action is subject to dismissal as duplicative litigation. The parties, issues, and available relief do not significantly differ between the instant case and *Stafford I*. See *I.A. Durbin, Inc.*, 793 F.2d at 1551 (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). While plaintiff has not included claims in the instant complaint against several of the defendants named in *Stafford I*, this does not change the fact that the issues he raises here are directly related to the issues in the previously filed pending litigation and can all be addressed there. The Court therefore concludes that the instant

4

action is subject to dismissal because it is duplicative of *Stafford I*. *See Aziz*, 976 F.2d 1158 (Under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

### B. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [2]. The motion will be denied as moot as this action is being dismissed as duplicative.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [3], is **GRANTED**. A filing fee will not be assessed in this instance.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [2], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 18th day of July, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE